CAUSE NO. 471-00578-2022



| | § | IN THE DISTRICT COURT |
|---|---|---|
Brian McCarley (Executor of Estate, Living Trust of Homestead), Mary Ann McCarley. | § § § § | |
V. | § § | 471 JUDICIAL DISTRICT |
American Advisors Group Celink Reverse Mortgage Funding (RMF) | § § § § § | |
| | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiffs, Brian McCarley and Mary Ann McCarley, who files this Petition, in the interest of justice and fairness, and for the underlying violations of the Texas Debt Collection Act, Texas Business and Commerce Code, Texas Property Code, and for a Declaratory Judgment as stated herein, and asks this Honorable Court to grant the Application for Temporary Restraining Order against American Advisors Group and RMF Formerly known as Celink, to prevent Defendants from conducting the Substitute Trustee's Sale scheduled for February 1st 2022, and from otherwise selling or taking possession of the property subject of this litigation, which is incorporated by reference and fully set forth at length herein, during the pendency of this cause, and from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of his property, and in support shows the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3.

PAGE 1

## PARTIES AND SERVICE

2. Plaintiffs, Brian McCarley and Mary Ann McCarley, are individuals whose mailing address is 105 Westpark Dr. S., McKinney, TX, 75070. The last the last four digits of Brian McCarley's social security number are 2107.

3. Defendant, American Advisors Group is a Reverse Mortgage (HECM) Lending Company who may be served by and through its registered agent Reverse Mortgage Funding (RMF) P.O.Box 40719 Lansing, MI 48901. Service of said Defendant as described above can be effected by Personal Service or Certified Mail Return Receipt Requested.

4. Defendant, American Advisors Group, is a Reverse Mortgage Financial Institution, who may be served by Celink and through its registered agent Reverse Mortgage Funding P.O.Box 40719 Lansing, MI 48901. Service of said Defendant as described above can be effected by Personal Service or Certified Mail Receipt requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this Court.

6. This Court has personal jurisdiction because the property which is the subject of this litigation is located in Texas and Defendants are doing business within this state.

7. Venue in this cause is proper in Collin County, Texas pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.001 of the Texas Civil Practice and Remedies Code because this action involves real property and the property is located in Collin County, Texas.

## FACTS

6. Plaintiff is the record owner of the property is located at 105 Westpark Dr. S., McKinney, TX, 75070, more specifically described as: L B Mccarley Addition (Cmc), Blk A, Lot 2 and in DEED RECORDS OF COLLIN COUNTY, TEXAS.

7. Plaintiff requested, in writing on December 26, 2021, that the Defendants produce certified copies of any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust and the Original Note by request of Loss Mitigation.

8. Additionally, Plaintiff has requested that the Defendants produce the Original Note. These requests were made in order to verify that Defendants are in fact the "Holder in Due Course" of the note as required by Texas Law. Defendants' have yet to produce such documents.

9. It is Plaintiff's belief that the Defendants do not have the authority to foreclose on the property and are in fact not the actual holders of the original note, and therefore not entitled to collect on a debt.

10. Plaintiff allegedly signed a Promissory Note in order to acquire HECM loan for the property located at, 105 Westpark Dr. S., McKinney, TX, 75070. After requesting documents to verify the debt and Note Holder, the Defendants have refused to produce the Original Note or any other documentation. Further, Defendants have not allowed Plaintiff's to review any documentation to confirm their authenticity.

11. Plaintiff allegedly signed a Deed of Trust on December, 16, and 2016, which was allegedly recorded in the office of the County Clerk of the Deed of Trust Records of Collin County, Texas. Although Plaintiff has requested documents to verify that all of the transfers and assignments of the Original Deed of Trust were executed or recorded properly, the Defendants have not yet produced any such documentation.

12. Plaintiff has attempted to verify by letter and phone if Defendants are in fact the Holder in Due Course and Holder or representative of the Holder in Due Course and Holder of the Note.

13. Plaintiff's have requested that Defendants pull the pending substitute trustee's sale until the debt is validated and the true Holder in Due Course and Holder of the Note is known. Defendants have refused to do so and in fact intend to pursue this collection action by executing the substitute trustee's sale on the date and at the location stated above.

## TEXAS PROPERTY CODE VIOLATION

14. Defendants failed to give proper notice because all transfers of the lien were not recorded timely as required by Texas Law prior to the acceleration and collection action on the Note. Plaintiff has reason to believe that the mortgagee listed on the above referenced Notice of Foreclosure Sale is not the current Holder in Due Course and Holder of the Original Note.

## TEXAS BUSINESS & COMMERCE CODE VIOLATION

15. The Texas Business and Commerce Code states that only a "Holder" of an instrument, or a non-holder in possession of the instrument, is entitled to enforce the instrument, whether that be through enforcement of the deed of trust or any other manner.

16. A foreclosure action is merely a collection action on a negotiable instrument. Therefore, in this case, the negotiable instrument is the Original Mortgage Promissory Note.

17. The Deed of Trust is merely the instrument securing the Original Mortgage Promissory Note. Although the Texas Property Code formulates the procedure by which a deed of trust may be used as a security instrument to collect on a mortgage, the deed of trust is wholly worthless and invalid if there is no Note for it to secure.

18. Defendants have failed to produce the Original Note with all transfers and assignments affixed thereto, permanently and irremovable, as required by the Texas Business and Commerce Code. Therefore, they have not shown that they are the "Holder" of the Note or "Holder in Due Course", and have no right to attempt to enforce such Note.

## TEXAS FINANCE CODE VIOLATION

19. Because Defendants have provided no evidence that they are in fact Holder in Due Course and Holder of the Note, they have no authority to collect on the Note

20. Defendants nonetheless have engaged in actions to collect on such Note. These actions are thereby fraudulent, deceptive, and/or misleading representations actionable under the Texas Finance Code §§392.303 and 392.304, The Texas Debt Collection Act (TDCA).

21. Defendants are in violation of Texas Finance Code Sections 392.301(8), therefore having no authority to collect on the note or hold a substitute trustee's sale.

22. All alleged transfers, assignments, and misstatements of facts regarding the Note by Defendants, and the failure of Defendants to verify that they are the Holder in Due Course and Holders of the Note, constitute violations of the Texas Finance Code.

<u>Fraud, deception, and breach of contract occurred when the defendant allowed Susan McCarley, the will's non-executor, to request a six-month COVID extension. Brian McCarley (plaintiff) is the only person allowed to make any decision regarding the estate.</u>

## DECLARATORY JUDGMENT

23. The Plaintiff requests that the court declare that any attempt to foreclose pursuant to the Texas Property Code Sec. 51.001 et seq is an action to collect a debt and therefore the. Defendant must produce the one and only Original Promissory Note signed by the Plaintiffs for inspection by the Plaintiffs and or their document examiner prior to proceeding with any foreclosure proceedings.

APPLICATION FOR TEMPORARY RESTRAINING ORDER

24. After knowledge of a possible sale, Plaintiff's have requested that Defendants produce certified copies of any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust, as well as the Original Note. Such documentation has not yet been provided to Plaintiff.

25. Unless this Honorable Court immediately restrains the Defendants from executing a Substitute Trustee's Sale or otherwise selling or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the property, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show unto the court the following:

26. The harm to Plaintiff is imminent because Plaintiff will lose her property.

27. There is no adequate remedy at law which will give Plaintiff complete, final and equal relief if the Temporary Restraining Order is not granted and any transfer of the property is allowed to take place.

28. Plaintiff is willing to post a reasonable temporary restraining order bond, and hereby requests this Honorable Court to set such bond at a reasonable amount.

29. Plaintiff has met the burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff is entitled to the requested temporary restraining order.

30. Plaintiff requests this Honorable Court to restrain the Defendants from executing the Substitute Trustee's Sale scheduled for February 1st 2022 or selling or otherwise taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the property.

31. Plaintiff is likely to succeed on the merits of this lawsuit.

**PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY REQUESTS:**

32. That this Petition be filed and that a day be appointed for a hearing on this matter; That notice of the filing of this Petition and the hearing date be given to all parties; That a temporary restraining order will issue, restraining Defendants,

33. American Advisors Group, Defendants' officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly from executing a Substitute Trustee's Sale or otherwise selling or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the property;

34. That the Court sets a reasonable bond for the temporary restraining order.

35. That, after notice and hearing, any and all Substitute Trustee's Sale on the above-specified property will be set aside and a temporary injunction will issue enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from taking or selling in any fashion, or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession enjoyment of the property;

36.. That, after trial on the merits, the Court permanently enjoin Defendants, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly from taking possession of the subject property or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession enjoyment of the property.

37. Economic Damages;

38. Punitive Damages;

39. A declaration that the Defendant must produce the one and only Original Promissory Note signed by the Plaintiff for inspection by the Plaintiff and or their document examiner prior to proceeding with any foreclosure proceedings;

40. A declaration that the court declare that any attempt to foreclose pursuant to the Texas Property Code Sec. 51.001 et seq is an action to collect a debt;

41. Exemplary Damages.

42. Equitable Relief.

43. Reasonable fees.

44. Costs of Court; and

45. All other relief to which Plaintiff is entitled.

46. Plaintiff prays for general relief.

PAGE 6

Respectfully submitted

Brian McCarley **AND** Mary Ann Carley

B.Paul.McCarley3@gmail.com
105 Westpark Dr. S.,

McKinney, TX, 75070

(972) 658-9584

By: *Brian McCarley*
           PRO SE